11th Court of Appeals
Eastland, Texas
Opinion
 
Paul Junior McAfee
            Appellant
Vs.                  No. 11-03-00264-CR -- Appeal from Harris County
State of Texas
            Appellee
 
On Motion for Rehearing
            Appellant’s motion for rehearing is granted in part. Our former opinion and judgment dated
September 9, 2004, are withdrawn, and the following opinion and judgment are substituted therefor.
            A jury convicted appellant of the offense of delivery of less than one gram of cocaine, found
both enhancement allegations to be true, and assessed his punishment at confinement for 20 years
and a fine of $10,000. Appellant’s counsel filed a motion to withdraw and accompanied the motion
with a frivolous appeal brief. See Anders v. California, 386 U.S. 738 (1967). We affirm the
judgment of the trial court. Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).
            In her brief, counsel concluded, after a professional and conscientious examination and
evaluation of the record, that the appeal was frivolous. Counsel detailed the record, discussed the
facts and the law, and made appropriate record references. Counsel found no arguable issues for
appeal.
            Counsel furnished appellant with a copy of the brief and motion and advised appellant of his
right to file a pro se brief. Appellant filed a pro se brief in which he advanced what he deemed to
be various arguable issues for appeal.
Sufficiency of the Evidence
            Appellant specifically argues that the evidence is insufficient because there was no evidence
to connect him to the two rocks of cocaine that the undercover officer allegedly purchased from him
because the chain of custody of the two rocks was not established as to the undercover officer and
because there was conflicting testimony concerning what type of transaction took place. Appellant
also contends that there was no physical evidence to connect him to the drug transaction because
appellant did not have any “marked” money from the alleged drug transaction. Appellant maintains
that all of these present arguable issues for appeal.
            In order to determine if the evidence is legally sufficient, we must review all of the evidence
in the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). In order to determine if the
evidence is factually sufficient, we must review all of the evidence in a neutral light and determine
whether the evidence supporting guilt is so weak that the verdict is clearly wrong and manifestly
unjust or whether the evidence contrary to the verdict is so strong that the beyond-a-reasonable-doubt
burden of proof could not have been met. Zuniga v. State, No. 539-02, 2004 WL 840786
(Tex.Cr.App. April 21, 2004); Ross v. State,133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State,
67 S.W.3d 229, 236 (Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). We review the fact finder’s weighing of the evidence
and cannot substitute our judgment for that of the fact finder. Cain v. State, supra; Clewis v. State,
supra. Due deference must be given to the fact finder’s determination, particularly concerning the
weight and credibility of the evidence. Johnson v. State, 23 S.W.3d 1 (Tex.Cr.App.2000); Jones v.
State, 944 S.W.2d 642 (Tex.Cr.App.1996), cert. den’d, 522 U.S. 832 (1997).
            Houston Police Department Narcotics Officer Marshal D. Sinegal testified that he purchased
$20 worth of crack cocaine from appellant. Officer Sinegal stated that he was driving an unmarked
car, was dressed in plain clothes, and was wearing braids in his hair when he saw appellant walking
with a female at approximately 10:00 p.m. Officer Sinegal pulled alongside the two and asked
appellant if appellant knew where he could get “$20 worth of hard.” Appellant asked Officer Sinegal
if he was “the law.” When Officer Sinegal answered no, appellant asked the officer if he had a 20. 
Officer Sinegal showed appellant two $10 bills. Officer Sinegal handed the two $10 bills to
appellant. Appellant then reached into his left pocket and pulled out a Diamond matchbox. 
Appellant opened the matchbox, took out “two white chunk-like substances,” and placed them in
Officer Sinegal’s hand. In an effort to get the most for his money, Officer Sinegal asked appellant
for a third rock. Appellant told him no. 
            As he drove away, Officer Sinegal observed appellant and the female walking further down
the street. He reached under the seat of his car, pulled out his radio, and gave the marked police
surveillance unit a description of appellant and the female and their location. After the uniform
officers had detained appellant, Officer Sinegal drove past twice to be sure that they had stopped the
man from whom he had purchased the two rocks of cocaine. 
            Officer Sinegal testified that, after he purchased the rocks, he placed them in a “ziploc bag.” 
The rocks stayed in his possession until he placed them in the narcotics lock box at his substation. 
Before placing them in the lock box, he field tested the two rocks. The rocks tested positive for
cocaine and weighed a total of .190 grams. 
            Officer Sinegal then completed the appropriate police form with the location, date and time,
appellant’s name, incident number, and brief description of the rocks. Officer Sinegal placed the
rocks inside a large brown envelope, stapled the envelope shut, and dropped the envelope in the lock
box. Officer Sinegal testified that he later went to the crime lab, signed for the two rocks of cocaine,
and brought them to the trial. 
            Houston Police Officer Joel Izaguirre testified that, while he was assisting with a narcotics
investigation, he received a “buy/bust” call. Officer Izaguirre observed appellant and a female
walking down the middle of the street. Both appellant and the female matched the description of the
people in the buy/bust call. Officer Izaguirre recovered a matchbox that another undercover police
officer had seen appellant toss to the ground. Officer Izaguirre placed appellant under arrest.
            K. K. Alexander testified that he was one of the supervisors for the Houston Police
Department crime laboratory. Alexander performed tests on the two rocks contained in the ziploc
bag and determined that they contained 177.5 milligrams of cocaine. The cocaine was 81.1 percent
pure.
            Keon Nwogwugwu was appellant’s sole witness at the guilt/innocence phase. Nwogwugwu
testified that she and appellant were walking down the street scratching lottery tickets. They each
had lottery tickets and a “cup of drink” in their hands. A young man wearing braids stopped them
and asked for directions. Appellant gave the man in braids directions. Nwogwugwu testified that,
while she was not close enough to either hear or see what happened between appellant and the man
in braids, she did see appellant pointing to show where a street was. She did not see any other
transaction between appellant and the man in braids. Soon after, she and appellant were walking
down the street when three police officers stopped them. Nwogwugwu stated that she thought she
had had two $10 bills when she was searched and that the officers returned her money to her.
            The jury, as the finder of fact, was the sole judge of the weight and credibility of the
witnesses’ testimony. TEX. CODE CRIM. PRO. ANN. art. 36.13 & 38.04 (Vernon 1979 & 1981). 
When all of the evidence is reviewed in the light most favorable to the verdict, a rational trier of fact
could have found beyond a reasonable doubt that appellant sold Officer Sinegal cocaine as alleged. 
Jackson v. Virginia, supra; Jackson v. State, supra. Therefore, there is no arguable issue for appeal
in connection with appellant’s claims of legal sufficiency. Further, there is no arguable issue for
appeal regarding factual insufficiency because, when all of the evidence is reviewed in a neutral light,
the evidence supporting guilt is not so weak that the verdict is clearly wrong and manifestly unjust
and is not such that the evidence is so strongly contrary to the verdict that the beyond-a-reasonable-doubt burden of proof could not have been met. Zuniga v. State, supra; Ross v. State, supra. 
Appellant’s arguments concerning the sufficiency of the evidence present no arguable issue for
appeal.
Trial Counsel’s Performance
            Appellant contends that arguable points for appeal exist regarding whether his trial counsel
was ineffective because counsel failed to request a hearing on the motion to suppress the warrantless
arrest and because counsel failed to object to the admission of the matchbox seized during
appellant’s arrest. 
            In order to determine whether appellant’s trial counsel rendered ineffective assistance at trial,
we must first determine whether appellant has shown that counsel’s representation fell below an
objective standard of reasonableness and, if so, then determine whether there is a reasonable
probability that the result would have been different but for counsel’s errors. Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999). We
must indulge a strong presumption that counsel’s conduct fell within the wide range of reasonable
professional assistance; and appellant must overcome the presumption that, under the circumstances,
the challenged action might be considered sound trial strategy. Stafford v. State, supra.
            Appellant complains that his trial counsel did not request and did not urge a hearing on the
pretrial motion to suppress, that trial counsel “very poorly” re-urged the motion to suppress at the
punishment phase of trial, and that trial counsel failed to object to the admission of evidence
recovered after his arrest. Therefore, appellant argues that arguable points for appeal exist in
connection with whether trial counsel’s representation fell below a reasonable standard and that, but
for counsel’s actions, his trial would have had a different outcome.
            Appellant bases his arguments on his contention that his warrantless arrest was in violation
of TEX. CODE CRIM. PRO. ANN. art. 14.04 (Vernon 1977) and Fry v. State, 639 S.W.2d 463
(Tex.Cr.App.1982). However, both Article 14.04 and Fry are factually distinguishable.
            Article 14.04 and Fry address situations where a warrantless arrest is authorized because the
offender is about to escape and there is no time to secure a warrant. In the present case, as appellant
correctly states, there was no evidence concerning any potential escape by appellant. However,
potential escape was not required in this case. 
            The record reflects that Officer Izaguirre had probable cause to arrest appellant pursuant to
TEX. CODE CRIM. PRO. ANN. art. 14.03 (Vernon Supp. 2004-2005). Officer Izaguirre received
the buy/bust call from Officer Sinegal. Officer Izaguirre located appellant in the area of the sale
based on the description Officer Sinegal gave in the buy/bust call. 
            No arguable issues are presented regarding trial counsel’s representation concerning the
motion to suppress or the admission of the evidence. We also note that, during the punishment
phase, trial counsel aggressively re-urged the motion to suppress and challenged appellant’s arrest.
Trial Court’s Alleged Abuse of Discretion
            As pointed out above, any error in the charge was harmless. Middleton v. State, supra;
Almanza v. State, supra; Baker v. State, supra. Because the arrest was authorized by Article 14.03,
the trial court did not err by denying the motion to suppress, by admitting the two rocks of cocaine 
Officer Sinegal purchased from appellant, by admitting testimony concerning the recovery of the
matchbox, or by admitting testimony concerning the matchbox and its contents at the punishment
phase of trial. Appellant’s arguments present no arguable issues for appeal.
Motion for New Trial
            Appellant filed a pro se motion for new trial alleging that the trial court erred in failing to
grant his motion for continuance, in failing to discharge jurors who had an opinion as to his guilt,
in restricting voir dire, in failing to grant additional peremptory challenges, in making a comment
in the presence of the jury about the matchbox, in failing to grant his “motion for all pre-trial
motions,” in refusing to admit evidence concerning “the fact that no transaction money [marked
bills] was ever found,” and in admitting into evidence police officers’ statements about the
matchbox. Appellant also asserted that his trial counsel was ineffective because counsel failed to
call the other Houston police officers involved in his case, failed to petition for motions to be heard,
refused to allow appellant to take the stand, failed to file a motion for continuance, failed to provide
a sufficient level of communication, and failed to investigate to appellant’s satisfaction. Appellant
amended his pro se motion to include allegations that his trial counsel was also ineffective because
counsel failed to interview the police officers who “wrote statements alleging [the] offense against”
him, because trial counsel was “lackadaisical in his courtroom performance,” and because the
prosecuting attorney asked the jury to consider a “mere” 10-year sentence and the jury assessed a 20-year sentence.
            Appellant did not request a hearing, and his motions were not accompanied by any supporting
affidavits. Therefore, appellant has not raised an arguable issue for appeal. Wallace v. State, 106
S.W.3d 103 (Tex.Cr.App.2003); King v. State, 29 S.W.3d 556 (Tex.Cr.App.2000). Moreover, we
note that the record reflects that trial counsel vigorously represented appellant at all phases of the
trial court proceedings. 
            Appellant also argues that his appellate counsel was ineffective because she did not request
a hearing on his pro se motion for new trial and did not file an amendment to his pro se motion for
new trial. The record does not support appellant’s contentions, and he presents no issue which is
arguable on appeal.
            As required by Anders and its progeny, we have conducted an independent examination of
the proceedings and find that there are no arguable issues on appeal and that this appeal is wholly
frivolous. See Anders v. California, supra; Stafford v. State, 813 S.W.2d 503 (Tex.Cr.App.1991);
Eaden v. State, ___ S.W.3d ___ (No. 11-03-00405-CR, Tex.App. - Eastland, February 10, 2005)(not
yet reported).
This Court’s Holding
            The judgment of the trial court is affirmed.
 
                                                                                    PER CURIAM
 
February 10, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.